UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Paul Blackmer</u>

    v.                                          Case No. 17-fp-041

<u>State of New Hampshire</u>

### REPORT AND RECOMMENDATION

Pro se prisoner Paul Blackmer has filed an initial pleading (Doc. No. 1) entitled, "Demand for Personal Recognizance Bail and/or Now Lawfully Required Imposition of Appropriate Sua Sponte Relief." The court docketed that filing as a petition for a writ of habeas corpus under 28 U.S.C. § 2254, and hereby subjects the filing to screening pursuant to Rule 4 of the Rules Governing § 2254 Cases ("§ 2254 Rule 4") and LR 4.3(d)(4).

Blackmer responded by filing a document (Doc. No. 3) entitled, "Needed Judicial Review of Paul Blackmer's 'Demand' for Personal Recognizance Bail and/or Now Unlawfully Required Imposition of Appropriate Sua Sponte Relief." The court docketed that filing as a motion to change the characterization of the petition. In that filing (Doc. No. 3), Blackmer repeats the same assertion made in his initial pleading, that the state prosecution was "void ab initio," and he seeks: an evidentiary hearing, access to so-called "Brady material Answer evidence,"

as well as release on bail. Doc. No. 3, at 1.

Blackmer eschews the court's characterization of his initial pleading as a § 2254 petition. Blackmer's intent in that regard, however, does not alter the fact that his filing, construed liberally, challenges the validity of his continued incarceration pursuant to a state judgment, and seeks an order from this court releasing him from confinement. As such the petition is properly characterized as a petition for a writ of habeas corpus, under 28 U.S.C. § 2254. Blackmer cannot alter that legal conclusion simply by his own say-so.

Blackmer previously litigated two § 2254 petitions challenging his 1997 and 1999 convictions in this court. See Blackmer v. Warden, No. 1:03-cv-00275-PB, 2004 DNH 180, 2004 WL 2823216, 2004 U.S. Dist. LEXIS 24824 (D.N.H. Dec. 9, 2004); see also Blackmer v. Warden, No. 1:05-cv-00340-PB, 2008 DNH 17, 2008 WL 227267, 2008 U.S. Dist. LEXIS 6012 (D.N.H. Jan. 28, 2008). This petition is successive to both of those § 2254 petitions.

This court lacks subject matter jurisdiction over a successive § 2254 petition, unless and until the federal court of appeals has decreed that it may go forward. See Magwood v. Patterson, 561 U.S. 320, 330-31 (2010); see also 28 U.S.C. § 2244(b)(3)(A). A habeas petition filed in the district court

without the requisite pre-authorization from the appellate court is subject to dismissal.  See Magwood, 561 U.S. at 331.

Because Blackmer has neither sought nor obtained the required authorization from the First Circuit to file this petition, this court lacks jurisdiction to consider it.  Accordingly, the district judge should deny Blackmer's motion to recharacterize his initial filing (Doc. No. 3), and the district judge should dismiss the petition (Doc. No. 1), for lack of jurisdiction.  Furthermore, the district judge should decline to issue a certificate of appealability, as Blackmer has not shown that reasonable jurists could debate whether the petition should have been resolved in a different manner, that the issues presented were adequate to deserve encouragement to proceed further, and he has not otherwise made a substantial showing of the denial of a constitutional right.  See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Any objections to this Report and Recommendation must be filed within 14 days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The 14-day period may be extended upon motion.  Failure to file objections within that time waives the right to appeal the district court's order.  See Santos-Santos

v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                                _____
                                                Andrea K. Johnstone
                                                United States Magistrate Judge

April 17, 2017

cc: Paul Blackmer, pro se